UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SMITH AND CAROLYN SMITH, | § § § | |
| PLAINTIFFS, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:10-cv-533 |
| JPMORGAN CHASE BANK, N.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST, 2004-4, | § § § § § § | |
| DEFENDANTS. | § | |

## ORDER AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion for Summary Judgment (Dkt. 20). As set forth below, the Court finds that the motion should be GRANTED and that summary judgment should be granted for Defendants as to all claims here.

### FACTUAL BACKGROUND

On or about June 30, 2004, Plaintiffs purchased the property located at 2532 Tumbleweed Way, Frisco, Texas 75034 and executed a Note payable to Long Beach Mortgage Company. On or about the same day, Plaintiffs executed a Deed of Trust to secure payment of the Note. Apparently, Plaintiffs' loan was ultimately assigned to Deutsche and Chase was an agent and loan servicer for Deutsche. Chase and Deutsche are referred to collectively in this case as Defendants.

According to their amended complaint, in 2007, Plaintiffs fell behind on their payments and subsequently entered into a loan modification agreement. Plaintiffs again fell behind on the payments under their modified loan agreement, and Defendant thus began foreclosure proceedings. Plaintiffs argue that they were unable to pay for the high-premium forced-placed insurance purchased by Defendants for the Property. According to Plaintiffs, in desperation to save their home from foreclosure, they filed for bankruptcy relief in 2008. The bankruptcy case was dismissed in 2009. Plaintiffs again apparently disputed their loan amounts as to the Property, Defendants again initiated foreclosure proceedings, and Plaintiffs again filed for bankruptcy in October 2009. In 2010, the bankruptcy stay was lifted and Plaintiffs sent Defendants a qualified written request for a transaction history of their mortgage loan pursuant to the Real Estate Settlement and Procedure Act (RESPA). The disputes between the parties continued, and, on October 5, 2010, Defendants again posted the Property for foreclosure. This suit subsequently was filed by Plaintiffs in Denton County, Texas and later removed by Defendants to this Court. No foreclosure proceedings have occurred to date, and it appears that Plaintiffs remain in the home at this time.

In their First Amended Original Complaint, Plaintiffs have asserted the following causes of action: (1) breach of contract and anticipatory contract; (2) breach of common law tort of unreasonable collection efforts; (3) Texas Consumer Credit Code/Debt Collection Practices Act; (4) Accounting; and (5) Negligent Misrepresentation/Gross Negligence.

In their breach of contract and anticipatory breach claim, Plaintiffs have argued that Defendants have breached the Deed of Trust by attempting to foreclose on the Property and have

failed to comply with RESPA. Plaintiffs also argue that Defendants failed to provide them with correct information, delayed their abilities to get their accounts up-to-date, and intentionally mislead Plaintiffs to the point of foreclosure. Plaintiffs also argue that Defendants were required to demand past due payments and give them the opportunity to pay past due amounts before accelerating the entire indebtedness.[1]

As to the claims of "breach of common law tort of unreasonable collection efforts" and claims for violations of the Texas Consumer Credit Code and Debt Collection Practices Act, Plaintiffs allege that Defendants were debt collectors who engaged in unreasonable collection efforts and used deceptive means to collect a debt by failing to provide them with the correct amounts due on their account, imposing additional charges on Plaintiffs' account, failing to credit plaintiffs' accounts for certain payments while assessing late charges and penalties, improperly placing the property in foreclosure, and slandering and defaming Plaintiffs' credit reputation. Plaintiffs also allege that Defendants' agents made harassing phone calls 8-10 times per day, causing Plaintiffs to unplug their phones and to suffer from constant harassment and marital problems.

As to their claims of negligent misrepresentation and gross negligence, Plaintiffs claim that Defendants had a duty to accurately communicate the correct status of Plaintiffs' mortgage loan and failed to use reasonable care in communicating the correct status of the loan to Plaintiffs. Plaintiffs also state that there was a dispute as to the amounts owed and the validity of the debt and that

---

[1] In their breach of contact claim, Plaintiffs also argue that the substitute trustee does not have authority to foreclose under the Deed of Trust. Since this is not a wrongful foreclosure action – and since foreclosure has not occurred – the Court declines to address the merits of this argument at this time.

Defendants misstated and misrepresented the correct amounts owed.

Central to all of Plaintiffs' claims is that Defendants made certain misrepresentations or acted unfairly in regards to their home loan.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Assuming arguendo that Plaintiffs have stated a claim as to each purported cause of action,[2] the Court finds that summary judgment for Defendants is warranted as to all of Plaintiffs' claims. Defendants have offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiffs' claims here:

(A)  Declaration of Michael Koon, a litigation support analyst at JP Morgan Chase Bank, attaching:

    (1)  June 30, 2004 Fixed/Adjustable Rate Note, signed by Plaintiff Christopher Smith;

---

[2]No 12(b)(6) motion was filed in this case for the Court's consideration, thus the Court focuses its efforts here on the summary judgment record before it.

    (2)    June 30, 2004 Deed of Trust, signed by Plaintiffs;

    (3)    June 29, 2004, correspondence transferring servicing of Plaintiffs' loan to Washington Mutual, FA;

    (4)    January 30, 2007, Loan Modification Agreement signed by Plaintiff Christopher Smith;

    (5)    July 24, 2010 letter from Chase Home Finance LLC indicating receipt of Qualified Written Request;

    (6)    August 2, 2010 letter from Chase Home Finance LLC responding to Plaintiffs' Qualified Written Request;

    (7)    Plaintiffs' loan-payment history; and

    (8)    Defendants' system notes reflecting communications with Plaintiffs.

(B)    Documents produced by Plaintiffs during discovery, including

    (1)    July 23, 2009 letter to Plaintiff Christopher Smith from Codilis & Stawiarski, P.C. on Defendants' behalf regarding delinquency and initiation foreclosure proceedings;

    (2)    June 25, 2010 default notice to Christopher Smith from Codilis & Stawiarski, P.C.;

    (3)    Certificate of Default and Notice of Termination of Stay filed by Defendant JPMorgan Chase Bank in Plaintiffs' Chapter 13 bankruptcy proceeding, dated July 14, 2010;

    (4)    Plaintiffs' July 7, 2010 Qualified Written Request to Defendants;

    (5)    April 23, 2010, Agreed Order Conditionally Modifying Automatic Stay entered on April 23, 2010 in the Northern District of Texas Bankruptcy Court; and

    (6)    Plaintiffs' bank statements.

(C)    Plaintiffs' Responses to Defendants' First Set of Interrogatories;

 (D) Plaintiffs' Response to Defendants' Second Set of Interrogatories; and

 (E) Plaintiffs' Response Defendants' Request for Admission

Having reviewed the summary judgment record, the Court finds that the evidence presented by Defendants indicates that there is no genuine issue of fact as to the terms of the Deed of Trust and Note, the loan modification agreement, the information provided to Plaintiffs in response to the qualified written request, the representations made to Plaintiffs, or the reasons Defendants commenced foreclosure proceedings. Thus, the burden shifts to Plaintiffs to offer evidence which would show that there is a genuine issue of material fact as to the claims raised.

Plaintiffs have attached to their response the following three pieces of summary judgment evidence:

 (1) Affidavit of Plaintiff Christopher Smith, attaching

  (a) a copy of the June 30, 2004 Fixed/Adjustable Rate Note;

  (b) the June 30, 2044 Deed of Trust;

  (c) a January 30, 2007 letter from Moss Codlis (counsel for Chase); forwarding Loan Modification Agreements, attaching a January 30, 2007 Loan Modification Agreement, signed and notarized by Plaintiff Christopher Smith and a Washington Mutual Bank Representative;

  (d) a copy of a check to Washington Mutual in the amount of 4,207.58, dated February 5, 2007;

  (e) a July 7, 2010 letter to Mr. Smith from The Ford Law Firm forwarding the RESPA letter sent on his behalf to JPMorgan Chase, with July 7, 2010 Qualified Written Request letter sent to JPMorgan Chase pursuant to RESPA;

  (f) a Notice of Trustee's Sale for Plaintiffs' Property dated September 8, 2010

(2)   July 24, 2010 response from Chase Home Finance Home Lending Executive Office to Thomas Ford regarding receipt of July 7, 2010 request letter and August 2, 2010 letter from Chase Home Finance Home Lending Executive Office responding to the July 7, 2010 request letter and enclosing Loan Transaction History and Escrow Disclosure Statements for Christopher Smith's loan; and

(3)   a purported insurance quote from Universal Insurance Company of North America as to Plaintiffs' Property.

The Court has reviewed the summary judgment evidence and finds that Plaintiffs have failed to create a genuine issue of material fact as to any of their allegations herein. The discovery deadline in this case fell on September 2, 2011, therefore any evidence needed by Plaintiffs to demonstrate a genuine issue of material fact as to their claims should have been available to them at the time they filed their summary judgment response.

Primarily, none of the summary judgment evidence before the Court shows any breach of contract – anticipatory or otherwise – by Defendants. Plaintiffs have complained of Defendants' selection of high-premium forced-placed insurance and argue that Defendants' refusal to cancel the policy and obtain a refund was a breach. However, Defendants have pointed to specific language in the Deed of Trust which permitted Defendants to obtain insurance coverage – at Plaintiffs' expense – once coverage had lapsed. *See* Dkt 20-1 at Page ID#160, ¶5, 161, ¶7; Dkt. 23-1 at Page ID# 477, ¶5, 478, ¶7. As to the apparent insurance quote, it is not dated, does not reference a property address and, even if it were authenticated, fails to create any issue of material fact here. *See* Dkt. 23-3. Moreover, Plaintiffs have not pointed to any contractual provision in the summary judgment evidence – and the Court can find none – that would obligate Defendants to cancel the force-placed insurance and obtain a refund once the policy had been issued. The fact that a different

insurance company may have provided Plaintiffs with a better rate is not disputed and is of little consequence here.

Further, Plaintiffs have not shown how the information sent to them in response to their Qualified Written Request failed to satisfy their request. According to the summary judgment record, Plaintiffs' request was submitted on July 7, 2010, acknowledged by Defendants on July 24, 2010, and responded to on August 2, 2010. *See* Dkt. 20-1, Page ID 179, 181-182. Such materials indicate compliance with the provisions of RESPA requiring that receipt of the request be acknowledged in 20 days and an investigation and information provided within 60 days. *See* 12 U.S.C. 2605(e). In the information sent on August 2, 2010 by Chase in response to Plaintiffs' counsel's request, the cover letter states that "[a] response to all questions related to loan transactions can be found in the enclosed loan transaction history" and further indicates "[i]f you have any further questions, you can contact Chase Customer Case at 1-800-848-9136." Dkt. 23-2 at Page ID # 495. No summary judgment evidence indicates that Plaintiffs requested additional information which was not provided to them or their counsel. And it remains unclear to the Court what additional information was required by Plaintiffs that Defendants failed to provide.

As to Plaintiffs' claims of unreasonable collection efforts and violations of Texas Consumer Credit Code/Debt Collection Practices Act, Plaintiffs have not shown how the summary judgment record creates a genuine issue of material fact as to whether Defendants failed to provide them with the amounts due or whether Defendants failed to credit their accounts for certain payments while assessing late charges and penalties. There is also no summary judgment evidence of the additional

9

charges on Plaintiffs' account that would form the basis of a claim against Defendants.

It is Plaintiffs' burden to make specific citations to the summary judgment record. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material fact as to each element of their claims. *See* E.D. TEX. L. R. CV-56(d). Plaintiffs' response contains very few citations to the summary judgment record, and those citations provided lack specificity. *See, e.g.,* Dkt. 23 at 16 (citing generally to Exhibit 2A – 19 pages of account information – without any specific pinpoint citations to support the proposition that "through its communications and demands, Defendants imposed wrongful charges (i.e. penalties, attorney fees, corporate advances) on Plaintiffs' mortgage account thus using a deceptive means to collect a debt." ). General and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence).[3] Plaintiffs are required to show *how* the evidence creates an issue of material fact by citing to specific portions of the record. They have not done so here.

---

[3] *See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

And while it is not the Court's burden to do so, the Court has reviewed the account materials in the summary judgment record and, without any demonstration to the contrary by Plaintiffs, they do not indicate any wrongful collection practices. Plaintiffs have also not created a genuine issue of material fact to show that the Property was improperly placed in foreclosure – in fact, the pleadings acknowledge that Plaintiffs twice filed for bankruptcy to stop the foreclosure and were not able to keep up with their house payments. Nothing in the summary judgment record indicates that Plaintiffs were paying their full house payments when any of the foreclosure notices were issued. There is additionally nothing in the summary judgment record to show any slanderous or defamatory statements by Defendants.

The only possible evidence offered by Plaintiff regarding unfair collection practices is Christopher Smith's blanket statement in his affidavit that Defendants' agents made phone calls 8-10 times per day to Plaintiffs. The Court finds that this conclusory statement in Plaintiff's own self-serving affidavit – lacking in any details as to the dates, times or sources of the calls – fails to create a genuine issue of material fact. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011) ("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving

allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)). There is nothing else in the summary judgment record that would indicate that any such calls were ever made or answered. Moreover, the account records attached to Defendants' summary judgment evidence contain detailed records of the calls made regarding the accounts and indicates that calls were not answered, phone numbers on the account were disconnected, and messages were left, but 8-10 calls were not made daily. *See* Dkt. 20-2. Indeed, it appears on days where multiples calls were made, two calls were made. As the Fifth Circuit has recently noted, "[a] party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary." *Chambers v. Sears Roebuck & Co.*, 428 Fed. Appx. 400, 408, 2011 WL 2392359, 5 (5th Cir. 2011) (citing *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted))).

Additionally, Plaintiffs have not offered any summary judgment evidence of any misrepresentations or falsehoods made to them by Defendants. While Christopher Smith's affidavit states that "Defendant [sic], through various agents and representatives, have made numerous demands and representations concerning the amounts allegedly owed on my mortgage loan which were false, inaccurate, and were made recklessly, and with total disregard for the truth or validity thereof and failed to provide a payment history," it never specifies the false, inaccurate or reckless statements allegedly made. Dkt. 23-1 at 3, Page ID 468. Such generalizations and conclusory

statements are insufficient to create a genuine issue of material fact at the summary judgment phase. *Stults*, 76 F.3d at 655. Therefore, summary judgment should be granted for Defendants as to Plaintiffs' claims of negligent misrepresentation and gross negligence.[4]

Because Plaintiffs have failed to show that Defendants' response to their qualified written request was incomplete, the Court also finds that Plaintiffs' request for an accounting of all transactions on their mortgage loan is not warranted. *See Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (accounting is an equitable remedy) (citing *Maltina Corp. v. Cawy Bottling Co.,* 613 F.2d 582, 584-85 (5th Cir. 1980)).

Declaratory judgment is equally inappropriate here. A declaratory judgment is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the *uncertainty*, insecurity, and controversy giving rise to the proceeding." *Concise Oil & Gas P'ship v. Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993) (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 2759 at 647-48) (emphasis added). The grant of declaratory judgment is wholly within this Court's discretion. *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569 (5th Cir. 2005) ("28 U.S.C. § 2201 says that a district court 'may' declare the

---

[4] Plaintiffs argue that Defendants did not address their "gross negligence" claim in their motion for summary judgment, however Plaintiffs group their negligent misrepresentation and gross negligence claims together in their amended complaint, with identical underlying factual allegations. Therefore, Plaintiffs are sufficiently on notice of their summary judgment burden and the Court will address the gross negligence claims along with gross negligence. *See Malacara v. Garber* 353 F.3d 393, 404 (5th Cir. 2003) (discussing what is adequate notice to non-movant of summary judgment grounds). *See also* FED. R. CIV. P. 56(e)(3).

rights and other legal relations of any interested parties."). Here, as set forth fully above, based on the record before it, Plaintiffs have failed to create a genuine issue of material fact there is no matter of uncertainty for the Court to resolve. Therefore, no declaratory relief is appropriate.

Rule 56 of the Federal Rules of Civil Procedure clearly states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

FED. R. CIV. P. 56(e)(2). Therefore, for the reasons set forth above, the Court finds that Defendants' Motion for Summary Judgment (Dkt. 20) should be GRANTED in its entirety and that Plaintiffs' should take nothing by any of the claims raised here.

***In light of the Court's recommendations and to allow the District Judge to consider this report and any objections thereto, all deadlines are abated until further order of the Court and the final pretrial conference – set for January 9, 2011 – is cancelled.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SO ORDERED.**

**SIGNED this 14th day of December, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE